
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERFU WU, | No. 12-73119 |
| Petitioner, | Agency No. A099-038-882 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Erfu Wu, a native and citizen China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his applications for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Wu testified he was arrested at a house church service, detained for five days, and monitored by village cadres, but that he was not harmed and continued to attend the house church until he left China. Substantial evidence supports the BIA's determination that these incidents did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (no past persecution although member of Christian house church was arrested and detained for three days, interrogated, beaten with a rod, and required to report to the police). Thus, contrary to Wu's contention, he is not entitled to a presumption of a well-founded future fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Substantial evidence also supports the BIA's determination that Wu failed to establish a well-founded fear of persecution. *See id.* (fear of future harm too speculative). Accordingly, Wu's asylum claim fails.

Because Wu has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**

12-73119